JAMES H. WALL *vs.* BRIGHAM BALCOM.

A , having given his notes to certain creditors of a partnership for debts due to them from the partnership, gave a written agreement to one of those creditors, that he would not enforce the amount of said notes against the partnership, until said creditors should have been fully paid all sums then due and thereafter to be due from the partnership, and that the amount of his notes " as to all said creditors should remain as part of the business capital of" the partnership for three years. *Held,* that this agreement did not make A. a copartner, nor prevent his proving against the estate of the partnership in insolvency a note given to him by them in consideration for his said notes.

APPEAL from a decree of a commissioner of insolvency, allowing against the estate of Wall & Balcom, insolvent debtors, a promissory note for $1600, made by them to the plaintiff.

At the hearing in this court the plaintiff testified that when the firm of Wall & Balcom was first established he guarantied the payment of certain purchases of goods by them, and before the price fell due gave his notes in payment therefor to the amount of $1600, which he had since paid, and the giving of which was the consideration of the note offered for proof; and that one of the parties to whom he gave these notes was Snelling, Leland & Co., to whom, on the same day, he also gave the following written agreement:

" Whereas I, James H. Wall, have heretofore given written guaranties to certain creditors of Wall & Balcom, and have cancelled said guaranties by substituting my notes therefor, said notes amounting in all to the sum of two thousand dollars : and whereas Snelling, Leland & Company as creditors of said Wall & Balcom hold one of said notes to the amount of one thousand dollars : and whereas, for the better security of said creditors, it is my intention, in case of my paying said notes, not to enforce them afterwards against said Wall & Balcom, until said creditors shall first have been paid : Now know ye, that in consideration of one dollar to me in hand paid, and for other valuable considerations, I do promise and agree to with said Snelling, Leland & Company, that after I have paid any and all of said notes given to said creditors as aforesaid, I will neither directly

nor indirectly enforce them nor the amount thereof against said Wall & Balcom, until after said creditors shall severally have been fully paid, in aforesaid sums now due, and hereafter to become due, and in and for all debts hereafter contracted by Wall & Balcom in their business. The said amount of two thousand dollars, as to all said creditors, is to remain as part of the business capital of said Wall & Balcom. This agreement is to be good for the term of three years from this date and no longer. Dated this thirtieth day of June A. D. 1855. James H. Wall."

*Bigelow*, J. directed a verdict for the plaintiff, subject to the opinion of the full court upon the question whether the note was barred by the agreement.

*D. Foster*, for the defendant. The agreement does not disclose a case of money lent to the insolvent, with a contract not to sue therefor: but of money put into the business " as capital " with a contract not to withdraw it. If the money was put in for the benefit of the plaintiff, he is a partner. If he gave any of the creditors to understand that it was for his own benefit, he is a nominal partner. If he intended and the creditors understood that it was put in for the benefit of the insolvents, he cannot withdraw it, and has no claim on the estate until the three years expire. By making it " capital," he subjected it to the payment of the debts of the firm, and if at the end of the three years it is all consumed in such payments, he has no claim on the firm. Whether it constituted him such a partner as to render him liable for losses, or entitled to profit, is immaterial. It at least renders him liable to the extent of a limited partner. Rev. Sts. *c.* 34.

If it is construed an agreement not to enforce his claim, yet, inasmuch as the defendants have no adequate remedy at law for a breach of the agreement, this court will restrain him.

*T. L. Nelson*, for the plaintiff.

Bigelow, J. It seems to us to be quite clear that the note of $1600 constitutes a valid claim against the estate of the insolvents. It is a debt for which they were liable before their insolvency, given upon a good consideration as to them; and it was due and payable from them at the time of the commencement

of the insolvent proceedings. It is therefore a debt which may be proved and allowed against their estate in the hands of the assignee.

The agreement between the plaintiff and Snelling, Leland & Company in no sense constituted a partnership. The plaintiff was not to be liable for losses, nor was he to share in the profits of the business carried on by the insolvents. The amount paid by him to take up the debts of the insolvents was not to be at the risk of their business, as in case of capital contributed by a special partner. Taken in its broadest sense, it was only an agreement on the part of the plaintiff with some of the creditors not to enforce his claim against the debtors in competition with certain of the creditors. But this does not create a bar to its proof against the estate of the debtors. If by its terms any equities were created and now exist between the plaintiff and some of the creditors with whom it was made, by which, in marshalling the assets of the estate, the payment of the note is to be postponed until the claims of those creditors are first paid, such equities cannot be entered into or adjusted in this proceeding, which is in the nature of a suit at law to ascertain the amount due and provable against the estate of the firm in the hands of the assignee ; and not to determine upon the rights of creditors as to the order of payment out of the assets, or to administer any equities existing between different classes of creditors. Those must be adjudicated in another mode of proceeding, appropriate for such purposes. *St.* 1838, *c.* 163, § 18. *Cushing v. Arnold*, 9 Met. 23. *Verdict affirmed.*